## S & W CAFETERIA OF TENNESSEE v. AIRD et al.

### No. 658.

District Court, E. D. Tennessee, N. D.

May 1, 1945.

Egerton, McAfee & Hauk, of Knoxville, Tenn., for complainant.

James M. Meek, Asst. U. S. Atty., of Knoxville, Tenn., and Clarence W. Bralley, Asst. U. S. Atty., of Johnson City, Tenn. (Francis M. Shea, Asst. Atty. Gen., J. B. Frazier, Jr., U. S. Atty., of Chattanooga, Tenn., and Clarence W. Bralley, Asst. U. S. Atty., of Johnson City, Tenn., on the brief; Arnold Levy, Sp. Asst. to the Atty. Gen., and Harry I. Rand, Atty., Depart-

600

ment of Justice, of Washington, D. C., of counsel), for National War Labor Board.

TAYLOR, District Judge.

The complaint in this case should not be dismissed upon motion of defendants upon any of the grounds stated in the motion, unless the business of the complainant comes under the jurisdiction of the National War Labor Board.

■ This Board has no jurisdiction and no power exists to require a witness to testify or produce records unless the business of the complainant is an essential war industry, or one within the letter of the Act, 50 U.S.C.A.Appendix, § 1501 et seq., such as producing goods, mining of materials used in an industry essential to the war effort, or otherwise within the intended coverage, as shown by the language and historical background of the Act.

■ The Board has issued a subpoena requiring the attendance of one of complainant's employees to appear, produce records of complainant and testify before a panel of the Board. A statute of the United States penalizes the failure of a witness to obey a lawful summons of a Board. If the witness fails to appear, he runs the risk of prosecution if the summons be a lawful one, that is, if the Board has jurisdiction over the business of the complainant. A citizen is not required to run that risk, but may test the question in a proceeding such as this, and under the situation here presented he does not have to bring other parties than those presently before the court. Any superior officer of any Federal officer now before the court believing the authority for the issuance of the subpoena to exist, or other party having official status may, if he so desires, intervene.

Under the facts alleged in the complaint, and after full argument and briefs, I am of opinion the restraining order should be, and the same will be, issued, as prayed, pending a full hearing on the merits.

■ This is not a decision upon the merits, but merely a decision that under the facts recited in the complaint this court is of the opinion that the Board has no jurisdiction over the complainant, and that therefore, pending a hearing as to the correctness of the facts stated in the complaint, this witness should not be compelled either to testify, or to risk prosecution upon the exercise of his own judgment and refusal to obey the summons. If the parties desire a hearing on the merits earlier than may be had at a regular term of the court, such a hearing will be arranged.

This decision has no relation whatsoever to any labor dispute now or heretofore existing between any of the interested parties, but decides preliminarily that under the allegations of the complaint the Board has no power or jurisdiction over the business of the complainant.

The defendant witness C. R. Loy will therefore be restrained, pending a hearing on the merits, from submitting books and/or records of complainant, or from testifying as to any matters concerning the business of the complainant before the defendants James W. Aird, William C. Bell and T. R. Cuthbert or any of their successors assuming to act under authority of the National War Labor Board.